# MEMORANDUM DECISIONS

In re MOTOR SALES & AUTO SERVICE CO. MYERS v. FARMERS' TRUST CO. OF CARLISLE, PA., et al. (Circuit Court of Appeals, Third Circuit. June 24, 1921.) No. 2732. Petition to Revise and Review an Order of the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge. In the matter of the Motor Sales & Service Company, bankrupt. Petition of John E. Myers, attorney against the Farmers' Trust Company of Carlisle, Pa., and J. R. Harkison, trustee in bankruptcy of said bankrupt, to revise and review an order. Order affirmed. E. M. Biddle, Jr., of Carlisle, Pa., and John E. Myers, of Lemoyne, Pa., for petitioner. Merritt F. Hummell, of Carlisle, Pa., for trustee. Ruby R. Vale, of Philadelphia, Pa., and Brinton & Vale, of Carlisle, Pa., for respondents. Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. This cause came on to be heard on the transcript of record from the District Court of the United States, for the Middle District of Pennsylvania, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged and decreed by this Court, that the order of the said District Court in this cause be, and the same is hereby affirmed, with costs.

---

In re POTTASH. Petition of NEW JERSEY HOUSING & CONTRACTING CO. (Circuit Court of Appeals, Third Circuit. June 24, 1921.) No. 2725. Petition to Revise and Review an Order of the District Court of the United States for the District of New Jersey; John Rellstab, Judge. In the matter of David Pottash, individually and trading as Clayton Shoddy & Cotton Mills, bankrupt; Willis T. Porch, trustee. On petition by the New Jersey Housing & Contracting Company to revise and review an order of the District Court. Order affirmed. Carr & Carroll, of Camden, N. J., for petitioner. Bilder & Bilder, of Newark, N. J., for trustee. Willis T. Porch, of Pitman, N. J., for respondent. Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. This cause came on to be heard on the transcript of record from the District Court of the United States, for the District of New Jersey, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged and decreed by this Court, that the order of the said District Court in this cause be, and the same is hereby affirmed with costs.

---

In re STANDARD AERO CORPORATION OF NEW YORK. (Circuit Court of Appeals, Third Circuit. June 30, 1921.) No. 2745. Petition to Revise an Order of the District Court of the United States for the District of New Jersey. Involuntary bankruptcy proceeding against the Standard Aero Corporation of New York. On petition by the bankrupt to revise an order affirming rulings of the referee, opposed by Charles H. Leonard, petitioning creditor, and Harry A. Oetgen, trustee. Affirmed. See, also, 270 Fed. 779, 783. Heine, Bostwick & Bradner, of Newark, N. J., for petitioner. McDermott & Enright, of Jersey City, Robert Richards, of Carson City, Nev., and Wm. H. Heald, of Wilmington, Del., for respondent. Before WOOLLEY and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This cause came on to be heard on the transcript of record from the District Court of the United States, for the Dis-

trict of New Jersey, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged and decreed by this Court, that the order of the said District Court in this cause be, and the same is hereby affirmed, with costs.

---

STEVENS v. ARNOLD et al. (Circuit Court of Appeal, Third Circuit. August 2, 1921.) No. 2642. Appeal from the District Court of the United States for the District of New Jersey; Thomas G. Haight, Judge. Suit by Samuel F. Nirdlinger against Henry E. Stevens, Jr., in which Arthur S. Arnold and others, executors and trustees, were substituted as parties on the death of plaintiff. From a decree for complainants (262 Fed. 591), defendant appeals. Affirmed. Carr & Carroll, of Camden, N. J., for appellant. Bourgeois & Coulomb, of Atlantic City, N. J. (Robert H. McCarter, of Newark, N. J., of counsel), for appellees. Before BUFFINGTON, WOOLEY, and DAVIS, Circuit Judges.

PER CURIAM. This suit, instituted in the District Court to try the title to land made by accretions to fast land on the ocean front of Atlantic City, was brought under a statute of New Jersey (4 Comp. Stat. 5399) providing procedure almost the precise opposite of that of the common-law action of ejectment. It followed a like action brought with respect to the same land in the state court (Dewey Land Co. v. Stevens, 83 N. J. Eq. 314, 90 Atl. 1040), and there dismissed. The decree from which this appeal is taken overruled the defense of res adjudicata and determined the title to the land in question, in so far as it was affected by the claim of the defendant, to be in the plaintiff. The principles on which this decree was grounded were given by Judge Haight in an opinion written with great care and elaboration. (D. C.) 262 Fed. 591. As we are in complete accord with all his views, we find no occasion to repeat them in an opinion of our own. We therefore affirm the decree below on the opinion filed.

---

ATCHISON, T. & S. F. RY. CO. v. COLLINS et al. (District Court, N. D. California, N. D. June 30, 1921.) No. 48. Suit in Equity by the Atchison, Topeka & Santa Fé Railway Company against R. E. Collins and others. On motion for preliminary injunction. Denied. Edgar W. Camp and M. W. Reed, both of Los Angeles, Cal., and Platt Kent and M. C. Sloss, both of San Francisco, Cal. (Gardiner Lathrop, of Chicago, Ill., of counsel), for complainant. U. S. Webb, Atty. Gen., of the State of California, Robert W. Harrison, Chief Deputy Atty. Gen., and Frank L. Guerena, Deputy Atty. Gen., for defendants. Before MORROW, Circuit Judge, and DOOLING and DIETRICH, District Judges.

PER CURIAM. This matter coming on to be heard upon the application of complainant for an injunction pendente lite as prayed for in its bill of complaint, it is ordered that said application be denied, provided that, in the event this action be not tried and determined upon the merits before such time as a penalty shall accrue under the laws of the state of California for the nonpayment of any portion of the tax complained of, then such penalty shall only be computed upon the amount due and unpaid in excess of such tax over an amount equal to such portion of $1,833,404.92 as would, if not paid, then incur such penalty, and the state of California and its fiscal agents are authorized and directed to receive at the proper time or times such proportion of said sum of $1,833,404.92 as they would be authorized to receive if such sum of $1,833,404.92 were the whole amount of the tax levied upon the operative properties of complainant for the year 1921. It is further ordered that the payment or payments by the complainant to the state as herein authorized and directed, and the receipt of such payment or payments by the state, shall not prejudice the rights